UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CURTIS LITTLEJOHN,

                     Plaintiff,

      v.                                          9:15-CV-1494
                                                      (GLS/ATB)

MARTUSCELLO et al.,

                     Defendants.

---

APPEARANCES:

CURTIS LITTLEJOHN
15-A-0476
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I.    BACKGROUND

Plaintiff Curtis LittleJohn commenced this action by filing a pro se complaint, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 3 ("IFP Application"). By Decision and Order filed April 5, 2016, plaintiff's IFP application was granted, but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 8 (the "April 2016 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. In response to the April 2016 Order, plaintiff submitted two separate but

nearly identical amended complaints. *See* Dkt. No. 9 ("First Am. Compl."); Dkt. No. 10 ("Second Am. Compl.").

## II. DISCUSSION

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2016 Order and it will not be restated here. *See* April 2016 Order at 2-4.

### B. Summary of the Amended Complaints

As noted above, plaintiff submitted two separate but nearly identical amended complaints. The main difference between the complaints is that the first amended complaint names Anthony J. Annucci, the Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS) as the sole defendant and the second amended complaint names Jeff McKoy, Deputy Commissioner for Program Services as the sole defendant. *Compare* First Am. Compl. *with* Sec. Am. Compl.[1]

The following facts are set forth as alleged by plaintiff in his amended complaints. *See generally* First Am. Compl.; Sec. Am. Compl. Since the amended complaints are virtually identical in content and substance, but merely name different defendants, for ease of reference, the Court will only cite to the first amended complaint when relating plaintiff's facts. On January 26, 1998, plaintiff was found guilty at a Tier III disciplinary hearing of abscondence. First Am. Compl. at 6. In February, 2015, plaintiff applied to enter the shock

---

[1] Plaintiff is not permitted to proceed with two separate pleadings in one action at the same time. However, in light of plaintiff's pro se status, the Court will review both amended complaints to determine if either pleading states a claim upon which relief may be granted.

incarceration program. *Id*. On or about February 19, 2015, plaintiff received notification that his application was denied. *Id*. Plaintiff was told that he did "not meet the suitability criteria for participation due to a prior January 26, 1998, Tier 3 Abscondence conviction." *Id*. at 7; *see also* Dkt. No. 9-1 at 3.

Construing the amended complaints liberally, plaintiff alleges that defendants Annucci and McKoy violated his rights to due process and equal protection under the Fourteenth Amendment, in addition to violating state regulations, when they denied his application for entry into the shock incarceration program. Plaintiff may also be attempting to assert a claim that he was denied entrance into the shock incarceration program in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq. *See* First Am. Compl. at 4-5.

As relief, plaintiff asks the Court to order "a new screening" for entry into the shock incarceration program, including a hearing. First Am. Compl. at 8.[2]

### C. Sufficiency of the Amended Complaints

#### 1. Defendants Martuscello, Leid, and Bellnier

Plaintiff has not included Martuscello, Thomas Leid, or Joseph Bellnier as defendants in either of the amended complaints. Accordingly, Martuscello, Thomas Leid, and Joseph Bellnier are dismissed as defendants in this action.

#### 2. Fourteenth Amendment Due Process

As plaintiff was advised in the April 2016 Order:

---

[2] Plaintiff also asks to have his abscondence conviction expunged from his institutional record. *Id*. The Court has no jurisdiction to provide such relief here because the validity of the January 26, 1998 disciplinary disposition is not before the Court in this action.

3

> To successfully state a claim under Section 1983 for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Due process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). . . .
>
> However, inmates have no protected right in internal classifications or eligibility for rehabilitative programs. *See Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987); *see also Abed v. Armstrong*, 209 F.3d 63, 66-67 (2d Cir. 2000) (prisoners have no constitutional right to participate in prison programs, even those that might expedite their release); *Lee v. Governor of State of New York*, 87 F.3d 55, 58 (2d Cir. 1996) (prison inmate has no cognizable liberty interest in participation in an early release program); *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979) (New York State inmates possess no constitutionally cognizable right to be released on parole or to participate in prison programs); *Thompson v. LaClair*, No. 9:08-CV-0037 (FJS/DEP), 2009 WL 2762164, at *5 (N.D.N.Y. Aug. 25, 2009) ("Courts considering inmate claims regarding denial of participation in or access to prison programs or privileges under *Sandin* [*v. Connor*, 515 U.S. 472 (1995)], have uniformly concluded that inmates do not enjoy a protected liberty interest in such aspects of prison life."); *Antonucci v. David*, No. 9:03-CV-0653, 2006 WL 2265028, at *6 (N.D.N.Y. Aug. 7, 2006) (inmates do not have a constitutional right to any particular program); *Gissendanner v. Menifee*, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (a prisoner does not hold a protected interest in prison programs).

April 2016 Order at 6-7. Plaintiff again alleges that he was not provided with a hearing or any process before his application for entry into the shock incarceration program was denied. However, because plaintiff has no liberty interest in participating in a prison program, he is not entitled to any process in connection with that application. *See Gill v. Riddick*, No. 9:03-CV-1456 (NAM/RFT), 2005 WL 755745, at *15 (N.D.N.Y. Mar. 31, 2005) (Rep't and Recommendation), *adopted and approved* (slip decision Apr. 21, 2015) ("[W]here no liberty interests are at stake, no procedures are required.").

Accordingly, plaintiff's Fourteenth Amendment due process claims (whether set forth in the first amended complaint or the second amended complaint) are dismissed pursuant to

4

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Fourteenth Amendment Equal Protection

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003). Plaintiff's allegation that defendants "denied his right to equal protection," *see* First Am. Compl. at 2, is entirely conclusory, with no facts to support any claim that he was discriminated against, or even to suggest on what basis he was discriminated against.

As a result, plaintiff's Equal Protection claims (whether set forth in the first amended complaint or the second amended complaint) are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may

be granted.

### 4. Violation of DOCCS Rules or Regulations

A Section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations or state law. *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) (the failure to follow a New York State DOCCS Directive or prison regulation does not give rise to a federal constitutional claim); *see also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983."); *Fluent v. Salamanca Indian Lease Auth*., 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) (Section 1983 imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law principles). "A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009) (Suddaby, J.) (collecting cases).

Thus, to the extent plaintiff claims that defendants violated DOCCS rules or regulations when they denied him entry into the shock incarceration program, those claims (whether set forth in the first amended complaint or the second amended complaint) are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 5. Americans with Disabilities Act

To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) . . . the defendants are subject to the ADA; and (3) . . . plaintiff was denied the opportunity to participate in or benefit from defendants' services,

6

programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (internal quotation marks and alterations omitted).

Here, even assuming that DOCCS is a public entity subject to the ADA, plaintiff fails to assert an ADA claim because he alleges no facts to plausibly suggest that he is a qualified individual with a disability. Moreover, he himself states that he was denied entry into the shock incarceration program on account of his disciplinary history, and not by reason of a disability.

Plaintiff's claims that defendants violated the ADA (whether set forth in the first amended complaint or the second amended complaint) are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

After reviewing plaintiff's first amended complaint and second amended complaint, and according them the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. Plaintiff has not set forth in the amended complaints any allegations of fact which could be read or interpreted to even suggest the existence of a cognizable claim for the violation of plaintiff's constitutional or federal statutory rights. Thus, for all of the reasons set forth herein and in the April 2016 Order, and because plaintiff has already had an opportunity to submit an amended complaint, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[3]

**WHEREFORE**, it is hereby

**ORDERED** that Martuscello, Thomas Leid, and Joseph Bellnier are **DISMISSED** as defendants for the reasons set forth herein above; and it is further

**ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

May 23, 2016
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

---

[3] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading). Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011). Amendment of plaintiff's Fourteenth Amendment due process claim would be futile.